REQUESTED BY: Fred A. Herrington, State Tax Commissioner, Lincoln, Nebraska
Does the increased interest rate of 14 percent established by LB 167 on delinquent estate taxes apply to the estates of decedents who have died or will die prior to the effective date of LB 167, August 30, 1981?
Yes.
Section 1 of LB 167 provides: `Unless otherwise specifically provided, the interest rate assessed on delinquent payments of any taxes or special assessments owing to the State of Nebraska or any political subdivision thereof shall be assessed at a rate of fourteen per cent per annum.'
Section 49 of LB 167, which amends the existing provisions of the estate tax laws dealing with interest on delinquent estate taxes, Neb.Rev.Stat. § 77-2102 (Reissue 1976), states in part that:
 "If the tax indicated by the return of the taxpayer is not paid when due, interest at the rate specified in section 1 of this act, as such rate may from time to time be adjusted by the Legislature, shall be charged and collected from the date the same became payable."
The above language of LB 167 would seem to indicate that the intent of the Legislature was to apply the new interest rate retroactively to all delinquent estate taxes `from the date the same became payable.' We do not find any conflict with our former opinions or with the generally accepted principles of law, as discussed in those opinions, in regard to this position.
As noted in Opinion No. 81, dated October 27, 1969, Report of the Attorney General, 1969-1970, the application of interest on delinquent taxes is essentially a penalty to force payment of those taxes, and furthermore the taxpayers have no vested right to have the interest rate on delinquent taxes remain the same, particularly when it is the stated intention of the Legislature to apply the new increased interest rate to all delinquent taxes. Consequently, that opinion concluded that the interest penalty to be applied is `the one prescribed at the time of the tender of payment.'
Ordinarily, interest is not regarded as a part of the tax, but as a separate and distinct item. In re Nogleberg'sEstate, 94 P.2d 488 (Wash. 1939). The application of interest penalties becomes relevant only when it is determined that the tax has not been paid before the delinquent date. While Opinion No. 223 dated April 30, 1976, Report of the Attorney General, 1975-1976, indicated that the amount of inheritance tax is fixed as of the date of the death of the decedent based on the statute in effect at that time, the same is not necessarily true for interest on delinquent tax payments. Rather, the above rationale concerning the application of interest rates is the appropriate rationale to be applied in this case. Thus, the actual estate taxes remain fixed as of the date of death of the decedent, but the interest rate for delinquent estate taxes, regardless of the date of death, may be altered by the Legislature to encourage and enforce payment of those delinquent taxes as was done here.
Very truly yours, PAUL L. DOUGLAS Attorney General John Boehm Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General